CAMPBELL KELLY, on behalf of herself
and all others similarly situated,

      Plaintiff(s),

      v.

EL CAMINO FORT LAUDERDALE, LLC

      Defendant.

_____/

## CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, CAMPBELL KELLY ("Kelly" or "Plaintiff"), on behalf of herself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, Fla. Stat. § 448.440, and Art. X, Sec. 24 of the Florida Constitution, file this Class/Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, EL CAMINO FORT LAUDERDALE, LLC ("El Camino" or "Defendant"), for its failure to pay Bartenders state and federal minimum wages, as follows:

### INTRODUCTION

1.      Plaintiff brings this class and collective action under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA") and Art. X, Sec. 24 of the Florida Constitution on behalf of herself and all Bartenders who work or have worked at the El Camino restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 during the applicable statute of limitations. Defendant committed federal and state minimum wage violations because it compensated Bartenders at the reduced wage for tipped employees notwithstanding that Bartenders were required to spend more than 20% of their workweek performing non-tipped duties

and side work. Defendant has also violated state and federal law by claiming a tip credit during shifts when Bartenders were required to spend more than 30 continuous minutes on side work and non-tipped duties. As a result, Plaintiff and all similarly situated Bartenders have been denied federal and state minimum wages during various workweeks within the relevant time period.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      Plaintiff and the **FLSA putative collective members** are/were restaurant Bartenders who worked for Defendant within the last three (3) years at the El Camino restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301.

4.      Plaintiff and the **FMWA putative class members** are/were restaurant Bartenders who worked for Defendant within the last five (5) years at the El Camino restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301.

5.      Plaintiff worked for Defendant as a restaurant Bartender at El Camino located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 from on or about April 28, 2022 until on or about December 3, 2022.

6.      The proposed collective and class members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, tipped Bartenders for Defendant at the same El Camino restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301.

7.      Plaintiff seeks certification of two (2) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

**80/20 Collective**: All Bartenders who worked for Defendant during the three (3) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and were paid a reduced tip credit wage.

**Substantial Side Work Collective**: All Bartenders who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

8.      Plaintiff seeks certification of two (2) separate classes under Fed. R. Civ. P. 23, the

FMWA, and Florida Constitution for Florida Minimum Wage violations, as follows:

**80/20 Class**: All Bartenders who worked for Defendant during the five (5) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and were paid a reduced tip credit wage.

**Substantial Side Work Class**: All Bartenders who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

9.      The precise size and identity of each collective and class should be ascertainable

from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff

estimates that the total number of class members in each class and collective exceeds 50

Bartenders.

10.     During all times material hereto, Defendant was a Florida limited liability company

operating and transacting business within Broward County, Florida, within the jurisdiction of this

Honorable Court.

11.     During all times material hereto, Defendant owned, operated, and controlled the El

Camino Restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301.

12. Defendant was the "employer" of Plaintiff and all members of the putative Classes and Collectives as that term is defined by the FLSA and FMWA during all times pertinent to the allegations herein.

13. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the El Camino Restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, FL 33301.

14. Defendant implements uniform pay, tip, and time-keeping practices at the El Camino restaurant that apply to all Bartenders.

15. Plaintiff and putative collective and class members are/were non-exempt, hourly restaurant Bartenders.

## JURISDICTION AND VENUE

16. This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution to recover damages from Defendant.

17. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

18. The acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

19. Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper.

20. Venue is also proper within Broward County, Florida.

21. Plaintiff fulfilled all conditions precedent required to bring her class action claims under the FMWA.

22.     More specifically, on March 21, 2023, Plaintiff, through her counsel, served Defendant with a written pre-suit demand regarding her FMWA claims, requesting Defendant to pay her and the putative FMWA classes the minimum wages owed to them. Defendant refused to pay Plaintiff or the FMWA classes any wages whatsoever.

## FLSA COVERAGE

23.     Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24.     During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as food, beverages, napkins, silverware, appliances, rice, beer, corona extra, corona light, vodka, Jack Daniels whiskey, meat, chicken, pork, cheese, broccoli, carrots, peas, oil, zucchini, wings, mahi mahi, salmon, onions, peppers, crab, shrimp, beef, steak, potatoes, bread, hot sauce, BBQ sauce, cheese, buns, jalapenos, celery sticks, lobster broth, yellowfin tuna, plum tomatoes, cauliflower, Faroe Island Salmon, taco shells, fajitas, salt, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, coffee, tea, soda, water bottles, and other materials that had previously travelled through interstate commerce.

25.     Defendant had annual gross revenue in excess of $500,000.00 in 2018, 2019, 2020, 2021, 2022 and is expected to gross in excess of $500,000.00 in 2023.

**DEFENDANT REQUIRES PLAINTIFF AND ALL OTHER BARTENDERS TO SPEND MORE THAN 20% OF THE WORKWEEK ON NON-TIPPED DUTIES AND SIDE WORK**

26.     Federal law prohibits employers from taking a tip credit when an employee performs non-tip generating duties for more than 20% of their workweek.   Rafferty v. Denny's Inc., 13 F4th 1166, 1188 (11th Cir. 2021). In other words, when restaurant Bartenders spend more than 20% of any respective workweek on non-tip generating duties and side work, they must be paid the full minimum wage, as opposed to the reduced minimum wage for tipped employees.[1] *Id.*

27.     Defendant claimed a tip credit for all of Plaintiff's work (except training), including during workweeks in which Plaintiff spent more than 20% of her time on non-tip producing duties and side work.

28.     Upon information and belief, Defendant compensated Bartenders at the reduced wage of $5.23 per hour for their first forty (40) hours of work per week in 2018.

29.     Upon information and belief, Defendant paid Bartenders the reduced cash wage of $5.44 per hour in 2019, $5.54 per hour in 2020, $5.63 per hour from January 1, 2021, through September 29, 2021, $6.98 per hour from September 30, 2021, through September 29, 2022, and $7.98 from September 30, 2022 through the present.

30.     During their employment period with the Defendant, Plaintiff and members of the putative collectives and classes of Bartenders were assigned both "opening" shifts and "closing" shifts.

31.     Prior to opening the restaurant, for period of approximately 2-hour continuous hours – Defendant claimed a tip credit for Plaintiff and all other Bartenders but required them to

---

[1] The maximum tip credit permissible under federal law is $5.12 cents and $3.02 cents under state law. However, as stated above, an employer cannot claim a tip credit if its employee spends more than 20% of any respective workweek performing non-tip producing duties.

set up the bar, clean, organize the bar, prepare glassware, clean and cut fruit and garnishes, restock items, clean dirty trays, fill various ice wells, rotate bar items, refill and clean condiments, make syrup, wipe and clean menus, clean soda guns, etc.

32.     During this set-up time, the restaurant was not open to the public and Bartenders could not earn tips.

33.     When working the "closing" shift, Plaintiff and all other similarly situated Bartenders were required to remain at the restaurant after the kitchen is closed and all customers have left for approximately 2-3 hours.

34.     During closing shifts, Defendant claimed a tip credit for Plaintiff and every other Bartender but required all Bartenders to perform side-work and non-tipped duties, including but not limited to, cleaning ice wells, wrapping up garnishes, throwing out garnishes, wiping down the bar area, cleaning beer taps, cleaning rails, refilling and labeling purees, burning ice, wiping down liquor bottles, restocking silverware, restocking napkins, restocking plates, cleaning glassware behind the bar, cleaning the bar area, wiping and clearing bar mats, cleaning water spouts, refilling and storing agave, storing wine and dating wine bottles (and throwing away wine bottles if they are old), etc.; while Bartenders were not able to earn tips because the restaurant was closed to the public.

35.     Throughout opening and closing shifts, Plaintiff and the putative class and collective members were required to perform the same "non-tipped" duties and side work as outlined in the preceding paragraphs.

36.     At a minimum, Plaintiff and all other Bartenders spent more than 20% of their workweeks performing non-tipped duties and side work.

37.     As a result, Plaintiff and members of the putative collectives and classes are entitled to recover the applicable tip credit for the time they spent performing "non-tipped" incidental duties and side work during each workweek, as opposed to the reduced wage they received.

38.     Plaintiff and the **80/20 Collective** members are entitled to recover at least federal minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

39.     Similarly, Plaintiff and the **80/20 Class** members are entitled to recover at least the Florida minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

## DEFEENDANT REQUIRES BARTENDERS TO SPEND MORE THAN 30 CONTINUOUS MINUTES ON NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT

40.     Side work which takes more than 30 continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

41.     Accordingly, employers are forbidden from taking a tip credit when they require tipped employees to spend more than 30 continuous minutes on non-tipped duties and side work.

42.     During all times material hereto, Defendant required all Bartenders to arrive to opening shifts approximately 2-hour before the restaurant was open to the public.

43.     Moreover, during all times material hereto, Defendant required Bartenders to perform side work and non-tipped duties for more than 2-3 continuous hours at the end of closing shifts, often when Bartenders did not have any customers and the restaurant was closed to the public.

44.     Plaintiff and the **Substantial Side Work Collective** members are entitled to recover at least federal minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

45.     Plaintiff and the ***Substantial Side Work Class*** members are also entitled to recover at least the Florida minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

## CLASS ALLEGATIONS

46.     Class members are treated equally and similarly at the El Camino restaurant that is owned and operated by Defendant, in that they were denied state minimum wages when they spent more than 20% of a workweek performing "non-tipped" duties and side work.

47.     Class members are treated equally and similarly at the El Camino restaurant owned and operated by Defendant, in that they were denied state minimum wages during shifts when they were required to spend more than 30 continuous minutes on non-tipped duties and side work.

48.     Defendant employed at least fifty (50) Bartenders at its 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 restaurant who were paid a reduced tip credit wage and were required to spend more than 20% of their workweek performing non-tipped duties and side work during the past five (5) years.

49.     Defendant employed at least fifty (50) Bartenders at its 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 restaurant who were paid a reduced tip credit wage and were required to spend more than 30 continuous minutes per shift on non-tipped duties and side work during any shift on or after December 28, 2021, through the present.

50.     At all times material hereto, Defendant had express or constructive knowledge of the work performed by Plaintiff and all other similarly situated Bartenders.

51.     Moreover, at all times material hereto, Defendant had express or constructive knowledge of the time Plaintiff and other similarly situated employees worked but failed to keep and maintain accurate time records, thereby violating state and federal law.

52.     Plaintiff and the class members performed the same or substantially similar job duties for Defendant at its 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 restaurant, as Bartenders, and were otherwise paid in an identical manner by Defendant and were subject to the same employment policies.

53.     Plaintiff and the class members performed the same or substantially similar side work for Defendant at its 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 restaurant.

54.     During their employment, Plaintiff and one or more members of the class complained about the illegal practices above; however, Defendant took no action to stop its illegal pay practices.

55.     Although Defendant was aware of the requirements of the FLSA, Florida Constitution and FMWA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the class members in accordance with state and federal law.

## COUNT I – FED. R. CIV. P. 23 CLASS ACTION
## FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (80/20 CLASS)

56.     Plaintiff hereby re-aver Paragraphs 1 through 55 as though set forth fully herein.

57.     Defendant claimed a tip credit under Florida law for each hour of work performed by Plaintiff and all other Bartenders during the previous five (5) years (except for training periods).

58.     Plaintiff and all other similarly situated Bartenders are/were entitled to be paid Florida's full minimum wage during their employment with Defendant.

59.     Plaintiff and the proposed class members were subjected to similar violations of Florida law as a result of Defendant's failure to pay them the full state minimum wage when they were required to spend more than 20% of their workweek performing non-tipped duties and side work.

60.     Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for herself and the following class for Defendant's failure to pay constitutionally mandated state minimum wages:

> **All Bartenders who worked for Defendant during the five (5) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and were paid a reduced tip credit wage.**

### RULE 23 CLASS ALLEGATIONS

61.     Plaintiff brings her FMWA claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class.

62.     The putative 80/20 Class members are treated equally and similarly by Defendant, in that they were denied Florida minimum wages during the previous five (5) years based upon Defendant requiring Plaintiff and similarly situated Bartenders to spend more than 20% of their workweeks performing non-tipped duties and side work.

63.     *Numerosity:* Defendant employed at least 50 Bartenders at its restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 during the past five (5) years who were required to spend more than 20% of their workweeks performing non-tipped duties and side work and were not paid the pertinent Florida minimum wage.

64.     Given Defendant's size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

65.     Plaintiff and the 80/20 Class members were victims of the same policies, including Defendant's requirement that employees spend more than 20% of each workweek performing non-tipped duties and side work.

66.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class,

including Plaintiff. Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the 80/20 Class members were "employees" of Defendant; (b) Whether Plaintiff and the 80/20 Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the 80/20 Class under the FMWA and Florida Constitution by failing to compensate the putative class the full state minimum wage when they spent more than 20% of their workweek performing non-tipped duties and side work; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the 80/20 Class Florida minimum wages; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll and time keeping practices; and (f) The nature, extent, and measure of damages suffered by Plaintiff and the 80/20 Class.

67. *Typicality:* Plaintiff's claims are typical of the claims of the members of the 80/20 Class. Plaintiff's claims arise from Defendant's company-wide policy of claiming a tip credit for all Bartenders and requiring them spend more than 20% of their workweek on non-tipped duties and side work.

68. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the 80/20 Class. Plaintiff has no interest that might conflict with the interests of the 80/20 Class. Plaintiff is determined to pursue her claims against Defendant vigorously and has retained counsel competent and experienced in class and employment litigation.

69. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions

would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

70. Defendant acted on grounds generally applicable to the 80/20 Class, thereby making relief appropriate with respect to the 80/20 Class as a whole. Prosecution of separate actions by individual members of the 80/20 Class would create the risk of varying adjudications with respect to the individual members of the 80/20 Class that would establish incompatible standards of conduct for Defendant.

71. The identity of the 80/20 Class is readily identifiable from Defendant's records.

72. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of its violations of the FMWA and Florida Constitution.

73. Furthermore, even if every member of the 80/20 Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

74. Plaintiff and the 80/20 Class members performed the same job duties, as restaurant Bartenders, and were paid in an identical manner by Defendant based on Defendant requiring restaurant Bartenders to spend more than 20% of shifts and workweeks on non-tipped duties and side work without paying restaurant Bartenders at least the full applicable Florida minimum wage.

75. This action is intended to include each and every restaurant Bartender who worked for Defendant at its restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 during

the past five (5) years who was required to spend more than 20% of their workweek performing non-tipped duties and side work.

76.     During all material times hereto, Plaintiff and all 80/20 Class members are/were non-exempt, tipped employees of Defendant.

77.     Bartenders' work for Defendant is an integral part of Defendant's business.

78.     In 2018, the Florida minimum wage was $8.25 per hour.

79.     In 2019, the Florida minimum wage was $8.46 per hour.

80.     In 2020, the Florida minimum wage was $8.56 per hour.

81.     From January 1, 2021, until September 29, 2021, the Florida minimum wage was $8.65 per hour.

82.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

83.     From September 30, 2022, through the present, the Florida Minimum Wage is $11.00 per hour.

84.     During all times material hereto, Plaintiff and one or more of the 80/20 Class members complained about the illegal practices above; however, Defendant took no action to rectify any of its wage and hour violations.

85.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a Florida minimum wage demand before this claim was filed.

86.     More than fifteen (15) calendar days have passed since Defendant received the Florida minimum wage demand letter and no payment has been tendered by Defendant to compensate Plaintiff and the putative 80/20 Class for the minimum wages owed.

87. The relief Plaintiff seeks is common to the entire class including, inter alia: (a) Payment by the Defendant of actual damages caused by its failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (b) Payment by the Defendant of liquidated damages caused by its intentional and/or willful failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (c) Payment by the Defendant of the costs and expenses of this action, including attorney's fees of Plaintiff's counsel.

88. Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the 80/20 Class members in accordance with the law.

89. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the 80/20 Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work during their employment with Defendant.

WHEREFORE, Plaintiff, CAMPBELL KELLY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, EL CAMINO FORT LAUDERDALE, LLC, and award Plaintiff, and all others similarly situated: (a) unliquidated Florida minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110; and any and all such further relief as the Court deems just and reasonable under the circumstances.

### COUNT II - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
**(80/20 COLLECTIVE)**

90. Plaintiff hereby re-aver Paragraphs 1 through 55 as though set forth fully herein.

91. Plaintiff and all other similarly situated Bartenders are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

92. Defendant claimed a tip credit for each hour of work for Plaintiff and all other Bartenders during all times material hereto (except during training periods).

93. However, Defendant commonly required Bartenders to spend a substantial portion of their workweek performing side work and non-tipped duties.

94. Plaintiff and the proposed collective members were subjected to similar violations of federal law as a result of the Defendant claiming a tip credit and requiring all Bartenders to spend more than 20% of their workweek performing non-tipped duties and side work.

95. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover of federal minimum wages for herself and the following similarly situated 80/20 Collective:

> **All Bartenders who worked for Defendant during the three (3) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and were paid a reduced tip credit wage.**

96. Defendant willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage for one or more weeks of work.

97. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

98. Defendant's willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, CAMPBELL KELLY respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, EL CAMINO FORT LAUDERDALE, LLC, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated

damages; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

**COUNT III – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(SUBSTANTIAL SIDE WORK CLASS)**

99.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 55 as though set forth fully herein.

100.    Defendant claimed a tip credit for each hour of work performed by Plaintiff and all other Bartenders during all times material hereto (except for training periods).

101.    Plaintiff and all other similarly situated Bartenders are/were entitled to be paid full Florida minimum wage for each hour worked during their employment with Defendant.

102.    Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for herself and the following Substantial Side Work Class because of Defendant's failure to pay constitutionally mandated state minimum wages:

> **All Bartenders who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

103.    Pursuant to state and federal law, any side work consisting of more than thirty (30) continuous minutes is considered "substantial" side work and is not considered to be part of the tipped occupation.

104.    Although side work consisting of more than thirty (30) continuous minutes must be paid at the full state minimum wage, Defendant impermissibly claimed a tip credit for all work performed by Bartenders after their training periods.

105.     Defendant refused to compensate Plaintiff and all other Bartenders the full Florida minimum wage, including during shifts when they were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work.

106.     Defendant required Plaintiff and all other Bartenders to arrive to opening shifts approximately 2-hours before Defendant's restaurant opened to the public. During this time, Defendant unlawfully claimed a tip credit of approximately $3.02 per hour and paid Plaintiff and all other Bartenders less than the applicable state minimum wage.

107.     In addition, Defendant required Plaintiff all other Bartenders to spend approximately 2-3 continuous hours during each closing shift on side work and non-tipped duties, including when the restaurant's kitchen was closed and when tipped employees could not earn tips. During this time, Defendant claimed a tip credit of approximately $3.02 per hour and paid Plaintiff and all other Bartenders less than the applicable state minimum wage.

108.     Because Plaintiff and all other similarly situated employees were required to spend more than thirty (30) continuous minutes each shift on side work and non-tipped duties, Defendant is not permitted to take the applicable tip credit for this work and committed categorical Florida minimum wage violations since this became unlawful on December 28, 2021.

## RULE 23 CLASS ALLEGATIONS

109.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all restaurant Bartenders who worked for Defendant at its restaurant at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 since December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

110.     The putative Substantial Side Work Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based upon the Defendant's class-wide requirement for Bartenders to spend more than thirty (30) continuous minutes on non-tipped duties and side work during each shift.

111.     *Numerosity:* Defendant employed at least 50 restaurant Bartenders at its restaurant at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 since December 28, 2021 who were not paid Florida minimum wages as a result Defendant's requirement that these employees spend more than thirty (30) continuous minutes during each shift on non-tipped duties and side work.

112.     Given Defendant's size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

113.     Plaintiff and the Substantial Side Work Class members were victim to the same employment policies, including Defendant's requirement for these employees to spend more than thirty (30) continuous minutes during each shift on non-tipped duties and side work.

114.     *Commonality:* Common questions of law and fact exist as to all members of the Substantial Side Work Class and predominate over any questions solely affecting any individual member of the Substantial Side Work Class, including Plaintiff.  Such questions common to the Substantial Side Work Class include, but are not limited to, the following: (a) Whether Plaintiff and the Substantial Side Work Class were "employees" of Defendant; (b) Whether Plaintiff and the Substantial Side Work Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Substantial Side Work Class under the Florida Minimum Wage Act and Florida Constitution by requiring Bartenders to spend more than thirty (30) continuous minutes on non-tipped duties on side work; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Substantial Side Work Class Florida minimum

wages; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper time-keeping and payroll practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the Substantial Side Work Class based upon Defendant's conduct.

115. *Typicality:* Plaintiff's claims are typical of the claims of the members of the Substantial Side Work Class. Plaintiff's claims arise from the Defendant's company-wide requirement for Bartenders to spend more than thirty (30) continuous minutes on non-tipped duties and side work each shift.

116. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Substantial Side Work Class. Plaintiff has no interest that might conflict with the interests of the Substantial Side Work Class. Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and employment litigation.

117. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

118. Defendant has acted on grounds generally applicable to the Substantial Side Work Class, thereby making relief appropriate with respect to the Substantial Side Work Class as a whole. Prosecution of separate actions by individual members of the Substantial Side Work Class would create the risk of inconsistent or varying adjudications with respect to the individual

members of the Substantial Side Work Class that would establish incompatible standards of conduct for Defendant.

119.    Without a class action, Defendant will likely continue to retain the benefit of its wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Substantial Side Work Class.

120.    Plaintiff and the Substantial Side Work Class members performed the same job duties, as restaurant Bartenders, and were scheduled to work and paid in an identical manner by Defendant.  Defendant Requires all Bartenders to spend substantial time on non-tipped duties and side work during each shift, including approximately 2 continuous hours of side work during opening shifts and 2-3 continuous hours of side work during closing shifts when Defendant's restaurant is not open to the public. This caused state minimum wage violations during various workweeks after December 28, 2021.

121.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Substantial Side Work Class members exceeds 50 restaurant Bartenders.

122.    This action is intended to include each and every restaurant Bartender who worked for Defendant in Fort Lauderdale, Florida, since December 28, 2021 who was required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

123.    Plaintiff and the Substantial Side Work Class members performed work as restaurant Bartenders which was integral to Defendant's business operations.

124.    From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

125.     From September 30, 2022, through the present, the Florida Minimum Wage is/was $11.00 per hour.

126.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a Florida minimum wage demand letter before this claim was filed.

127.     More than fifteen (15) calendar days have passed since Defendant received the Florida minimum wage demand letter and no payment has been tendered by Defendant to compensate Plaintiff or the putative Substantial Side Work Class their Florida minimum wages.

128.     The relief sought is common to the entire class including, inter alia: (a) Payment by the Defendant of actual damages caused by its failure to pay Florida minimum wages pursuant to the Florida Constitution and Florida Minimum Wage Act; (b) Payment by the Defendant of liquidated damages caused by its failure to pay Florida minimum wages pursuant to the Florida Constitution and Florida Minimum Wage Act as a result of Defendant's intentional and/or willful violations; (c) Payment by the Defendant of the costs and expenses of this action, including attorney's fees of Plaintiff's counsel.

129.     Defendant was aware of the requirements of the FMWA and Florida Constitution's Minimum Wage Amendment, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Substantial Side Work Class members in accordance with the law.

130.     Defendant's willful and/or intentional violations state law entitle Plaintiff and the putative Substantial Side Work Class members to an additional amount of liquidated, or double, damages.

131.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the Substantial Side Work Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work after December 28, 2021.

WHEREFORE, Plaintiff, CAMPBELL KELLY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, EL CAMINO FORT LAUDERDALE, LLC, and award Plaintiff, and all others similarly situated: (a) unliquidated Florida minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110; and any and all such further relief as the Court deems just and reasonable under the circumstances.

### COUNT IV – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
#### (SUBSTANTIAL SIDE WORK COLLECTIVE)

132.     Plaintiffs re-alleges and re-avers Paragraphs 1 through 55 as though fully set forth herein.

133.     Defendant claimed a tip credit under federal law for each hour of work performed by Plaintiff and all other Bartenders after their training periods.

134.     Plaintiff and all other similarly situated Bartenders are/were entitled to be paid full federal minimum wage for all hours worked during their employment with Defendant.

135.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Substantial Side Work Collective:

> **All Bartenders who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

136.     Defendant violated the FLSA because it required Bartenders to spend more than thirty (30) continuous minutes on non-tipped duties and side work.

137.     Defendant required Plaintiff and all other Bartenders to spend substantial time working on tip supporting work, side work and non-tipped duties and claimed a tip credit for this work (instead of paying these employees the full applicable federal minimum wage).

138.     Because Plaintiff and all other similarly situated employees were required to spend more than thirty (30) continuous minutes on tip supporting work, non-tipped duties and side work, Defendant is not permitted to take the applicable tip credit under federal law.

139.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work.

140.     Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, CAMPBELL KELLY respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, EL CAMINO FORT LAUDERDALE, LLC, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, CAMPBELL KELLY, on behalf of herself and each collective and class demands a trial by jury on all appropriate claims.

**Date: April 17, 2023.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE S. BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on April 17, 2023.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST