# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

**CASE NO: 0:23-cv-60723-RS**

CAMPBELL KELLY, on behalf of herself
and all others similarly situated,

    Plaintiff(s),

v.

EL CAMINO FORT LAUDERDALE, LLC

    Defendant.
_____/

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND REQUEST FOR ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff, CAMPBELL KELLY ("Plaintiff"), Opt-in Plaintiff, SHAUNN CABERTO ("Opt-in Plaintiff") (collectively "Plaintiffs"), and Defendant, EL CAMINO FORT LAUDERDALE, LLC ("Defendant") (Plaintiffs and Defendant collectively referred to herein as "the Parties") by and through undersigned counsel, hereby file this Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice, as follows:

### I. FACTUAL BACKGROUND

Defendant owns and operates a restaurant in Ft. Lauderdale, FL *See* D.E. 1. Plaintiff is a former Bartender who was employed by Defendant from April 28, 2022 through December 3, 2022. *See* D.E. 1. On April 17, 2023, Plaintiff filed her Collective and Class Action Complaint for Damages and Demand for Jury Trial against Defendant (the "Lawsuit"). *See* D.E. 1.

The Lawsuit alleges that Defendants violated the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA") because (a) Bartenders spent more than twenty percent

1

(20%) of their shift on non-tipped worked; and (b) Bartenders spent more than thirty (30) consecutive minutes performing non-tipped work.

On August 8, 2023, Plaintiff filed her Motion for Conditional Certification for the Court to conditionally certified a collective Bartenders who worked for Defendant in Ft. Lauderdale, Florida, during the three (3) years preceding this lawsuit who were required to: (1) spend more than 20% of any workweek performing "non-tipped" duties and side work and did not receive the full applicable minimum wage; and (2) to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift after December 28, 2021 [D.E. 37].

The Parties fully briefed the issue of conditional certification [D.E. 37] [D.E. 42] [D.E. 44]. While the Motion remained pending, on September 12, 2023, the Parties attended a Settlement Conference conducted by the Honorable Judge Reid [D.E. 49]. The Settlement Conference lasted over five (5) hours. The Lawsuit did not resolve at the Settlement Conference but the Parties were able to reach settlement on September 15, 2023 [D.E. 52].

Given the bona fide factual and legal disputes that exist the Parties have now commemorated their resolution into a settlement agreement ("the Agreement") through counsel and have reached an accord on all material terms. The Agreement was negotiated at the Settlement Conference and in subsequent discussion between Counsel thereafter. Under the agreement, the amount of the settlement payments to Plaintiffs' is to remain confidential, accordingly, a copy of the fully executed settlement agreement is being contemporaneously provided to the Court via email for a confidential en camera inspection in the evaluation and consideration of this Motion. The settlement reached in this case provides Plaintiffs with fair and reasonable compensation for the claims asserted in Plaintiff's Complaint.

Counsel for Plaintiffs are also being compensated reasonable attorneys' fees separate and apart from the settlement amounts paid to Plaintiffs. Given the contentious nature of the dispute, Plaintiffs' counsel incurred a significant amount of time litigating this case. A full accounting of the reasonable hourly rates and hours billed by Plaintiffs' counsel in this matter is being provided to the Court for en camera inspection along with the Parties' Agreement. Notably, Plaintiffs' counsel is receiving a reduced total amount of attorneys' fees and costs compared to the amount of fees incurred as reflected in their full accounting submitted for the Court's en camera review. The parties agree that the amount being paid to Plaintiffs' counsel under the Agreement is fair and reasonable compensation for the work performed and the results obtained on behalf of the Plaintiffs. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice.

## II. SUMMARY OF THE SETTLEMENT TERMS

The Parties have confidentially submitted the fully executed Settlement Agreement and Release and other ancillary documents to the Court for en camera review. In exchange for a full and final release (conditioned on Court approval of the Agreement), Defendants have agreed to make a settlement payment of a confidential amount to Plaintiff that represents fair and reasonable compensation for the contested resolution of all claims asserted in Plaintiff's Complaint and its counsel.

The Parties separately negotiated fair and reasonable attorney's fees based on the amount of time expended and the complexity of the litigation. The amount of the fees and costs payable under the terms of the Agreement do not impact the claims and were negotiated without regard to the amounts paid to Plaintiffs. In addition, Plaintiffs' counsel is receiving a voluntarily reduced

amount of the attorneys' fees and costs incurred according to their own internal accounting documents, which assist with reaching a fair and amicable resolution. The Parties agree that the attorney's fees and costs are fair and reasonable compensation for the time and effort incurred by Plaintiff's counsel in this litigation of this action, and were necessary for the prosecution of this action particularly in light of the extensive litigation that occurred on these highly fact-specific claims and defenses. Plaintiffs' lead counsel, Jordan Richards, Esq. and Michael V. Miller Esq., billed a reasonable hourly rate that is consistent with hourly rates previously awarded to Plaintiffs' counsel as reasonable in the litigation of similar claims before this Court. Defendant does not oppose Plaintiffs' Counsel's recovery of the fees or expenses provided for under the terms of the Agreement and does not object to the reasonableness of Plaintiffs' fees and costs or that they were reasonably and necessarily incurred for Plaintiffs to obtain the results received in this action.

**<u>MEMORANDUM OF LAW</u>**

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which FLSA claims can be settled or compromised by employees. *See, e.g., Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may dismiss an FLSA case after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-55; *see also Pharr v. Highway Specialties, Inc.*, 2019 WL 131162853, at *1 (N.D. Fla. May 13, 2019); *see also Perez v. PJ'S Land Clearing & Excavating, Inc.*, 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage, exemption or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc.,* 679 F.2d at 1353.

Here, the Parties respectfully submit that the resolution of the FLSA claims is fair and reasonable. Without admitting any liability as to the alleged wage violations, Defendant has agreed to pay Plaintiffs a confidential amount that represents fair and reasonable compensation for the claims asserted in the Complaint. In order to avoid the uncertainties inherent in litigation, the Parties negotiated a settlement through counsel that is satisfactory to all Parties. *See Davidson v. Golden Bay Towers, Inc.*, 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (approving FLSA settlement agreement when the Parties were represented by counsel and there were contested issues of liability). These hotly contested issues would have been heavily litigated and legal fees and expenses would have been incurred by all Parties.

The undersigned counsel, who are experienced in wage and hour litigation, view the reached-upon settlement as a fair and reasonable outcome for the Parties. In addition, the undersigned counsel agree that the amount of attorneys' fees and costs payable to Plaintiff's counsel, as well as the context of their negotiation and agreed upon reduction by the parties, do

not create any conflict with the resolution of the Plaintiffs' FLSA claims or otherwise raise any issues contemplated by the Eleventh Circuit in *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Therefore, the Settlement Agreement represents a fair and reasonable resolution of this matter in light of the various contested issues.

### III.   CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their dispute concerning FLSA and FMWA wages, and request that this Honorable Court approve the Settlement Agreement, enter an Order dismissing all claims with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for one hundred twenty (120) days.

**Dated this 13th day of October 2023.**

Respectfully submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS JORDAN RICHARDS, PLLC**<br>*Counsel for Plaintiff*<br>1800 SE 10th Ave, Suite 205<br>Fort Lauderdale, Fl 33316<br>Tel: (954) 871-0050<br><br>By:/s/ *Michael V. Miller*<br>**JORDAN RICHARDS, ESQ.**<br>Fla. Bar No. 108372<br>jordan@jordanrichardspllc.com<br>**MICHAEL V. MILLER, ESQ.**<br>Fla. Bar No. 0064005<br>michael@usaemploymentlawyers.com | **BOYD RICHARDS PARKER & COLONNELLI, P.L**<br>*Counsel for Defendant*<br>100 S.E. 2nd Street, Suite 2600<br>Miami, FL 33131<br><br>By:/s/ *Kyle T. Berglin*<br>**YVETTE R. LAVELLE, ESQ.**<br>Fla. Bar No. 48107<br>ylavelle@boydlawgroup.com<br>**KYLE T. BERGLIN**<br>Fla. Bar No. 84027<br>kberglin@boydlawgroup.com<br>mzelaya@boydlawgroup.com<br>kfortich@boydlawgroup.com |

Respectfully Submitted,

**JORDAN RICHARDS PLLC – USA EMPLOYMENT LAWYERS**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
(954) 871-0050
*Counsel for Plaintiff*

By: */s/ Michael V. Miller*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 1108372
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 0064005
jordan@jordanrichardspllsc.com
michael@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was served by means of the Court's electronic filing system on October 13, 2023.

By: */s/ Michael V. Miller*
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 0064005